### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

---

EVELYN M. PEREZ,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,[1]

          Defendant.

1:20-cv-08751-NLH

**OPINION**

---

**APPEARANCES:**

ALAN H. POLONSKY
POLONSKY AND POLONSKY
512 S WHITE HORSE PIKE
AUDUBON, NJ 08106

    *On behalf of Plaintiff*

MELISSA KAY CURRY
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
6TH FLOOR
PHILADELPHIA, PA 19123

    *On behalf of Defendant*

**HILLMAN**, District Judge

    This matter comes before the Court pursuant to Section

205(g) of the Social Security Act, as amended, 42 U.S.C. §

405(g), regarding Plaintiff's application for Disability

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner
of the Social Security Administration.

Insurance Benefits ("DIB")[2] under Title II of the Social Security Act.  42 U.S.C. § 423, et seq.  The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since her alleged onset date of disability, January 12, 2013.  For the reasons stated below, this Court will affirm the decision.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On September 28, 2015, Plaintiff, Evelyn Perez, filed an application for DIB, alleging that he became disabled on January 12, 2013.  Plaintiff claims that she can no longer work as a casino utility porter because of her impairments of cervical and lumbar spine disorder with radiculopathy, a history of carpal tunnel syndrome, rheumatoid arthritis, anxiety, and an adjustment disorder.[3]

Plaintiff's claim was denied initially and upon reconsideration.  Plaintiff requested a hearing before an ALJ, which was held on October 2, 2018.  On October 9, 2018, the ALJ

---

[2] DIB is a program under the Social Security Act to provide disability benefits when a claimant with a sufficient number of quarters of insured employment has suffered such a mental or physical impairment that the claimant cannot perform substantial gainful employment for at least twelve months.  42 U.S.C. § 423 et seq.

[3] On the alleged onset date of January 12, 2013, Plaintiff was 41 years old, which is defined as "a younger individual" (age 18-49).  20 C.F.R. § 404.1563.

issued an unfavorable decision.  Plaintiff's Request for Review of Hearing Decision was denied by the Appeals Council on June 15, 2020, making the ALJ's decision final.  Plaintiff brings this civil action for review of the Commissioner's decision.

## II.  DISCUSSION

### A.   Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for social security benefits.  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  Substantial evidence means more than "a mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its

totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984).  "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)).  The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all the non-medical evidence before him.  Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all
> evidence and has sufficiently explained the
> weight he has given to obviously probative
> exhibits, to say that his decision is
> supported by substantial evidence approaches

4

> an abdication of the court's duty to
> scrutinize the record as a whole to
> determine whether the conclusions reached
> are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although

an ALJ, as the factfinder, must consider and evaluate the

medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here

is no requirement that the ALJ discuss in its opinion every

tidbit of evidence included in the record," Hur v. Barnhart, 94

F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial review,

a district court is not "empowered to weigh the evidence or

substitute its conclusions for those of the fact-finder."

Williams, 970 F.2d at 1182.  However, apart from the substantial

evidence inquiry, a reviewing court is entitled to satisfy

itself that the Commissioner arrived at his decision by

application of the proper legal standards.  Sykes, 228 F.3d at

262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983);

Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

**B.   Standard for DIB**

The Social Security Act defines "disability" for purposes

of an entitlement to a period of disability and disability

insurance benefits as the inability to engage in any substantial

gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in

death, or which has lasted or can be expected to last for a

continuous period of not less than 12 months.  See 42 U.S.C. §
1382c(a)(3)(A).  Under this definition, a plaintiff qualifies as
disabled only if her physical or mental impairments are of such
severity that she is not only unable to perform her past
relevant work, but cannot, given her age, education, and work
experience, engage in any other type of substantial gainful work
which exists in the national economy, regardless of whether such
work exists in the immediate area in which she lives, or whether
a specific job vacancy exists for her, or whether she would be
hired if she applied for work.  42 U.S.C. § 1382c(a)(3)(B)
(emphasis added).

The Commissioner has promulgated regulations[4] for
determining disability that require application of a five-step
sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step
process is summarized as follows:

1.  If the claimant currently is engaged in substantial
    gainful employment, she will be found "not disabled."

2.  If the claimant does not suffer from a "severe
    impairment," she will be found "not disabled."

3.  If the severe impairment meets or equals a listed
    impairment in 20 C.F.R. Part 404, Subpart P, Appendix
    1 and has lasted or is expected to last for a
    continuous period of at least twelve months, the
    claimant will be found "disabled."

---

[4] The regulations were amended for various provisions effective
March 27, 2017.  See 82 F.R. 5844.  The parties do not indicate
that any of the amendments are applicable to the issues
presented by Plaintiff's appeal.

4.    If the claimant can still perform work she has done in the past ("past relevant work") despite the severe impairment, she will be found "not disabled."

5.    Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not she is capable of performing other work which exists in the national economy.  If she is incapable, she will be found "disabled."  If she is capable, she will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f).  Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof.  See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983).  In the first four steps of the analysis, the burden is on the claimant to prove every element of her claim by a preponderance of the evidence.  See id.  In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform."  Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

**C.    Analysis**

At step one, the ALJ found that Plaintiff had not engaged

in substantial gainful activity since the alleged onset of
disability.  At step two, the ALJ found that Plaintiff's
impairments of cervical and lumbar spine disorders with
radiculopathy; a history of carpal tunnel syndrome; rheumatoid
arthritis; anxiety; and an adjustment disorder were severe.  At
step three, the ALJ determined that Plaintiff's severe
impairments or her severe impairments in combination with her
other impairments did not equal the severity of one of the
listed impairments.

The ALJ next determined that Plaintiff had the residual
functional capacity ("RFC") to perform work at the sedentary
level,[5] with certain exertional restrictions.  At steps four and
five, the ALJ determined that Plaintiff was not able to perform
her past relevant work, but Plaintiff's RFC rendered her capable
of performing other jobs in the national economy, such as an
inserter/stuffer, order clerk, and final assembler.  The ALJ
therefore concluded that Plaintiff was not disabled.

Plaintiff argues that the ALJ erred in her decision because
in determining Plaintiffs RFC between steps three and four she
failed to consider Plaintiff's testimony at her hearing about

---

[5] 20 C.F.R. § 404.1567 ("Physical exertion requirements. To
determine the physical exertion requirements of work in the
national economy, we classify jobs as sedentary, light, medium,
heavy, and very heavy.").

the pain caused by her conditions.[6]  Plaintiff further argues that the ALJ erred at step five by determining that Plaintiff could engaged in alternative work.  The Court does not find error in the ALJ's RFC determination at steps three and four and the ALJ's determination that Plaintiff could engage in alternative work at step five.

With respect to the RFC determination, the ALJ determined:

After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the ability to: climb ramps and stairs, but never ladders, roles, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; occasionally reach overhead; frequently handle and finger; frequently push and/or pull with the bilateral upper and right lower extremities; tolerate occasional exposure to hazards such as unprotected heights and dangerous moving machinery; perform simple routine tasks; and tolerate occasional public interaction.

(R. at 16.)

Plaintiff finds fault with the ALJ's RFC determination, arguing that "[i]t fails to take into account her testimony as to the pain she experiences."  Plaintiff finds fault with the below statement:

After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons

---

[6] The RFC reflects "what [the claimant] can still do despite [his or her] limitations."  20 C.F.R. §§ 404.1545(a), 416.945(a).

explained in this decision.

(R. at 17.)

Specifically, Plaintiff contends that this statement is not followed by an analysis by the ALJ of why Plaintiff's testimony on her pain was not reliable and why the ALJ did not find that evidence compelling.  The Court disagrees.

The ALJ specifically noted that she "found her hearing testimony to be not forthcoming concerning her actual functional abilities and activities." (R. at 25).  This statement clearly shows the ALJ's consideration of Plaintiff's hearing testimony. The ALJ made this statement after a lengthy analysis of how the objective medical testimony stacked up.  See Hur, 94 F. App'x at 133 ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record[.]") The ALJ's decision ultimately makes clear that the ALJ considered Plaintiff's testimony at the hearing in the context of the rest of the evidence available in the record.  Therefore, the Court declines to find that the ALJ's RFC determination was not supported by substantial evidence.

The Court also declines to find that the ALJ's determination that Plaintiff could engage in alternative work at step five was not supported by substantial evidence.  Once it has been determined that a claimant is not capable of performing his past relevant work, the burden shifts to the ALJ to show

that the claimant's RFC permits the claimant to perform other
jobs that exist in significant numbers in the national
economy. 20 C.F.R. § 404.1520(b)-(f).  In this case, the ALJ
determined that Plaintiff's RFC, after considering her mental
and physical impairments, still rendered her capable of
performing three jobs: (1) inserter/stuffer (DOT[7] code 731.685-
014), an unskilled sedentary occupation with 372,000 positions
nationally; (2) order clerk (DOT code 209.567-014), an unskilled
sedentary occupation with 209,000 positions nationally; and (3)
final assembler (DOT code 713.687-018), an unskilled sedentary
occupation with 219,000 positions nationally.

    Plaintiff's principal contention is that because the RFC is
not accurate, the determination of alternative work at step five
cannot be either.  Because the Court finds no error in the ALJ's
RFC determination, that argument fails.  With respect to the
inserter/stuffer job, Plaintiff contends that the vocational
expert's description of the job was not accurate as "it has
nothing at all to do with inserting advertising circulars. This
is a person that, again as per the DOT inserts filler into
stuffed toy shells using a machine or by hand." (ECF 8 at 21).
The Court's review of the record shows that the vocation expert
offered the example of inserting advertising circulars as an

---

[7] "DOT" refers to the Dictionary of Occupational Titles, which is
published by the Department of Labor.

example of the type of work as an inserter/stuffer and not as an exhaustive description.  (R. at 88.)  Further, even if the vocation expert's description were wrong, Plaintiff does not explain why she could not do the job and how that purported error harmed her. See Rodriguez-Soto v. Comm'r of Soc. Sec., 2019 WL 1349770, at *8 (D.N.J. Mar. 26, 2019) (declining to remand a matter where the court found the error to be harmless).

Plaintiff contends that the Court erred in determining that she could do work as an order clerk because the job involves a lot of speaking and Plaintiff has difficulty communicating in the English language.  (ECF 8 at 21).  The Court declines to find that the ALJ's determination that occupation as an order clerk was appropriate work to be unsupported by substantial evidence.  In particular, the ALJ found that "she was able to speak, understand, and write in English and she participated in the hearing in English." (R. at 21-22.)  This finding runs directly contrary to Plaintiff's assertion that she could not work in English and the Court sees no reason in the record to disturb the ALJ's determination on this point.

Next, Plaintiff contends that the finding that she could find work as a final assembler is undercut by the fact that the job contemplates a worker using their hands for up to two-thirds of the day but does not explain what the worker would be doing for the rest of the day.  (ECF 8 at 22).  Plaintiff's challenge

12

is vague and conclusory here and Plaintiff does not offer support for her contention that the job of final assembler might not be appropriate given that there is time in the day where the worker might be doing different tasks.  Where the ALJ had questions about how the DOT's guidance squared with the vocational expert's testimony, the ALJ was satisfied with the vocational expert's explanation that the conclusions were based on their observations and understanding of these types of jobs. (R. at 83-84.)  The Court will not independently speculate, as Plaintiff asks the Court to do, as to how time is allotted among different tasks while working where the record shows that the ALJ made findings on alternative work each supported by substantial evidence.

Finally, Plaintiff argues that her independent job search shows many fewer jobs of the type identified by the ALJ than what the ALJ found.  First, Plaintiff never raised this argument before the ALJ and does not cite any support for why the Court may consider it now.  Second, the ALJ specifically stated, "I take judicial notice of the reliable job data from the relevant publications and conclude that the jobs the vocational expert has identified constitute a significant number of jobs in the regional and national economy." (R. at 23).  The Court may not substitute its judgment here where the ALJ has made findings supported by substantial evidence.

13

### III. Conclusion

For the reasons expressed above, the decision of the ALJ was supported by substantial evidence and must be affirmed.

An accompanying Order will be issued.


Date: __January 11, 2022__          ___s/    Noel L. Hillman__
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.